**UNITED STATES of America, Plaintiff,**

**v.**

**Jack FREER and Beverly Freer, Defendants.**

**No. 93–CV–6501.**

United States District Court, W.D. New York.

July 7, 1994.

Brian M. McCarthy, Asst. U.S. Atty., Rochester, NY, Christopher T. Shaheen, Housing and Civ. Enforcement Section, Civ. Rights Div., U.S. Dept. of Justice, Washington, DC, for plaintiff.

Francis E. Maloney, Jr., Bond, Schoeneck & King, Syracuse, NY, for defendants.

## DECISION AND ORDER

TELESCA, Chief Judge.

### INTRODUCTION

The United States of America brings this action for declaratory and injunctive relief, on behalf of the complainant Ann Soper, under the Fair Housing Act, 42 U.S.C. § 3602, *et seq.* Ms. Soper is a disabled individual who resides in a trailer park owned by the defendants Jack and Beverly Freer. The Government alleges that the defendants failed to make a reasonable accommodation for Ms. Soper's disability by refusing to allow her to install a wheelchair ramp to gain access to her trailer.

The Government seeks a preliminary injunction enjoining the defendants from continuing to withhold their approval of Ms. Soper's request to install a wheelchair ramp. Although the Government also seeks declaratory relief and monetary damages in this action, those issues are not before the Court at this time. For the following reasons, the Government's motion for a preliminary injunction is granted.

### BACKGROUND

Ms. Soper is a disabled individual who is confined to a wheelchair. Ms. Soper has a trailer home which is located in the defendants' trailer park. In order to enter the trailer, Ms. Soper must climb five steps. Without a wheelchair ramp, Ms. Soper needs to be carried (or otherwise attended) up the steps and into her home. Recently, while being assisted into her home, Ms. Soper fell and was injured.

Prior to her accident, Ms. Soper had asked the defendants for permission to install, at her own cost, a wheelchair ramp which wrapped around the side and front of her trailer and partially protruded into her driveway. The defendants refused to allow installation of a ramp with that configuration, claiming that it would impede trailer removal and would so shorten Ms. Soper's driveway that parked cars would obstruct the trailer park's access road. The defendants proposed an alternative ramp design which Ms. Soper has rejected as unsuitable to her needs.

### DISCUSSION

A preliminary injunction may be granted where the movant demonstrates: (1) irreparable harm; and (2) either (a) a likelihood of success on the merits or (b) the existence of a serious question going to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70 (2d Cir.1979) (per curiam).

The Fair Housing Act (the "Act"), 42 U.S.C. § 3604(f)(2), prohibits discrimination against handicapped individuals in the terms, conditions or privileges of rental of a dwelling or in the provision of services or facilities in connection with such a dwelling. Under the statute, unlawful discrimination includes,

a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where is it reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.

§ 3604(f)(3)(A); *see also Oxford House, Inc. v. Town of Babylon,* 819 F.Supp. 1179 (E.D.N.Y.1993).

■ In order to establish a prima facie case of discrimination under § 3604 of the Act, plaintiff must demonstrate that the defendants' actions had a discriminatory effect. *Robinson v. 12 Lofts Realty, Inc.,* 610 F.2d 1032 (2d Cir.1979); *Cason v. Rochester Housing Authority,* 748 F.Supp. 1002 (W.D.N.Y.1990). The Act defines as discrimination the failure to reasonably accommodate an individual's disability in the provision of housing services. *See* § 3604(f)(3)(A).

■ The Government has established a prima facie case of discrimination under the Act. There is no dispute that Ms. Soper qualifies as a handicapped person under the Act or that the defendants knew of her handicap and refused to allow her to install a wheelchair ramp at her home. Unquestionably, the defendants' refusal to permit installation of the ramp has effectively denied Ms. Soper an equal opportunity to use and enjoy her home. *See Secretary of HUD v. Ocean Sands, Inc.,* 2 Fair Housing–Fair Lending Reporter ¶ 25,055 (Sept. 3, 1993).

The defendants have failed to rebut the presumption of discrimination by demonstrating that Ms. Soper's proposed modification is unreasonable, *i.e.,* imposes upon them an undue financial or administrative burden. *See Southeastern Community College v. Davis,* 442 U.S. 397, 412–13, 99 S.Ct. 2361, 2370, 60 L.Ed.2d 980 (1979). The defendants claim that Ms. Soper's "wrap around" ramp proposal will make trailer removal and driveway parking difficult, thereby obstructing traffic using the access road. Instead, they propose an alternative design which meets all applicable laws and codes, does not block the driveway and costs no more than Ms. Soper's proposed ramp.

### A. *Irreparable Harm*

Without a wheelchair ramp, Ms. Soper is essentially a prisoner in her home. She is afraid to venture outdoors because she was injured the last time she was assisted up her front stairs. Her ability to keep medical appointments and participate in daily activities of living is significantly restricted. The Government has made a showing that Ms. Soper will suffer irreparable harm in the absence of a ramp.

### B. *Possibility of Success on the Merits*

The Government has clearly demonstrated a possibility of success on the merits of its claim. There is no dispute that the defendants have refused to accommodate Ms. Soper's disability by not allowing her to build the "wrap around" wheelchair ramp. Pursuant to the Act, the defendants are obligated to approve Ms. Soper's ramp proposal unless it is proven that the proposal is unreasonable. The defendants cannot accomplish this by simply tossing Ms. Soper's proposal aside and pressing for acceptance of their alternative design.

This Court is unconvinced that Ms. Soper's ramp proposal is unreasonable.[1] Installation of the ramp will not impose an undue financial burden on the defendants because Ms. Soper is assuming the construction costs. In addition, the defendants will not suffer undue administrative burdens should the ramp be built. The Government has stated that Ms. Soper's proposed ramp can be disassembled within three hours and will not impede removal of the trailer. This Court has also reviewed a photograph of the Soper driveway which sheds substantial doubt on the defendants' claim that installation of Ms. Soper's ramp design will impede traffic in the driveway and on the access road. In short, the defendants have submitted insufficient evidence to rebut the inference of discrimination under the Act.

WHEREFORE, the Government's motion for a preliminary injunction is granted. The defendants shall allow Ms. Soper to install her proposed "wrap around" wheelchair ramp. The issue of damages is deferred to a future date.

---

1. The plan proposed by Ms. Soper allows for a manageable graduated incline albeit over a longer ramp. The Freer proposal would allow for a much more severe incline (thus less manageable) over a shorter span of ramp.